UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BRENYZ TORRES,

                     Plaintiff,

            - against -

DELTA ENTERPRISES CORP. d/b/a DELTA CHILDREN'S
PRODUCTS,

                     Defendants.

------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, Brenyz Torres, by her attorney, The Rose Law Group, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the New York City Human Rights Law §8-107 *et. seq.*, ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against** by Defendant solely due to her **Pregnancy and Gender.**

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside

within the Southern District of New York, and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. The EEOC determined that there was reasonable cause that Plaintiff was subjected to a hostile work environment and terminated due to her pregnancy in violation of Title VII.

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 29, 2015 with respect to the herein charges of discrimination.

8. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

9. That at all times relevant hereto, Plaintiff Brenyz Torres ("Torres") is a resident of the State of New York and Bronx County.

10. That at all times relevant hereto, Defendant Delta Enterprises Corp. d/b/a Delta Children's Products ("Delta") is a Domestic Business Corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 114 West 26th Street, New York, New York 10001.

11. That at all times relevant hereto, Plaintiff Torres was an employee for Defendant Delta.

## MATERIAL FACTS

12. Plaintiff Torres is a woman.

13. Plaintiff Torres was pregnant beginning in or around November of 2012.

14. In or around March 2013, Plaintiff Torres was hired by Defendant Delta as a charge back analyst.

15. On or about March 18, 2013, Plaintiff Torres was promoted to full time employee

working as a charge back analyst.

16. Plaintiff Torres informed her manager, Ms. Monica Rivers, that she was pregnant the same week that she became an employee.

17. Ms. Rivers told Plaintiff Torres not to inform others that she was pregnant because it might cause stress in the workplace.

18. Approximately two (2) weeks later, Plaintiff Torres informed Ms. Rivers that she needed to go to prenatal care. However, Ms. Rivers claimed that because Plaintiff Torres did not give her adequate notice that she could not go. Upon information and belief, Plaintiff Torres did provide adequate notice however Ms. Rivers failed to document Plaintiff Torres's request for time off to go to her doctor's visit when it was made.

19. Shortly thereafter, Plaintiff Torres informed Ms. Rivers that she needed to take time off to go to her prenatal visit. Ms. Rivers told Plaintiff Torres that she should find a clinic to provide prenatal care on weekends so that Ms. Rivers would not miss work.

20. However, when Plaintiff Torres informed Ms. Rivers that she could not find a prenatal clinic that would allow her to go on weekends, Ms. Rivers became angry and stated "Brenyz, I don't know how I'm going to deal with this, you know you have the ninety (90) day probation," essentially threatening to terminate Plaintiff Torres if she continued to attend her prenatal care appointments.

21. After this conversation, out of fear for her job, Plaintiff Torres did not attend her prenatal visits for approximately six (6) weeks.

22. On or about June 5, 2013, Plaintiff Torres attended a doctor's appointment for prenatal care.

23. Throughout the time that Plaintiff Torres was employed, whenever she attended a

prenatal visit, Ms. Rivers would tell her that she should find a doctor to see her on weekends so that Plaintiff Torres did not have to take time off from work.

24. In or around this time, Ms. Rivers asked Plaintiff Torres if she intended to take leave for her pregnancy. When Plaintiff Torres responded that she did intend to take the leave, Ms. Rivers responded that she could take six (6) weeks if she had a vaginal birth and eight (8) weeks if she had a c-section.

25. Ms. Rivers then continuously questioned Plaintiff Torres about whether she intended to have a vaginal or c-section birth.

26. When Plaintiff Torres responded that she did not know, Ms. Rivers responded by saying that this was not a good position for Plaintiff Torres. Ms. Rivers also began stating that Plaintiff Torres would not be guaranteed her position when she returned from pregnancy leave and that she may be assigned as a janitor when she returned.

27. Upon information and belief, this harassment was meant to pressure Plaintiff Torres into resigning her employment. Throughout this time, Ms. Rivers consistently and repeatedly stated that Plaintiff Torres should resign her employment due to her pregnancy.

28. On or about June 11, 2013, Defendant Delta confirmed that Plaintiff Torres could be a full time employee and had passed her ninety (90) day probationary period. Upon information and belief, this was due to Plaintiff Torres having performed adequately and demonstrated that she was capable of performing her work assignments.

29. Despite the determination that Plaintiff Torres should be employed beyond her probationary period, Plaintiff Torres was still being harassed on a daily basis by Ms. Rivers who would instruct Plaintiff Torres that she should resign her employment due to her pregnancy.

30. Plaintiff Torres, under this stress, requested that she be reassigned to a less stressful position where she would not be pressured to resign. Ms. Rivers responded by saying that she could not do that and that Plaintiff Torres should just resign.

31. Plaintiff Torres was then instructed by her doctor to take several days off due to the ongoing stress at work which was caused by Ms. River's constant harassment. This leave of absence took place from June 14, 2013 until June 18, 2013.

32. When Plaintiff Torres returned from the leave of absence, her desk had approximately two (2) feet of paper stacked on it which consisted of assignments and documents which Plaintiff Torres was required to process.

33. Further, additional documents had been thrown onto her desk in a disorganized way.

34. Upon information and belief, the number of assignments given to Plaintiff Torres during her leave and upon her return were more than other similarly situated individuals who were not pregnant. **These assignments were meant to harass Plaintiff Torres in an effort to force her to resign her employment due to her pregnancy.**

35. Plaintiff Torres continued to perform her work adequately after her return.

36. In or around June of 2013, Plaintiff Torres was required to train a replacement for her position. When Plaintiff Torres asked Ms. Rivers why she had to train a replacement for her position, Ms. Rivers responded that the trainee would be taking her position when Plaintiff Torres went on pregnancy leave.

37. On or about June 25, 2013, Ms. Rivers told Plaintiff Torres to get up from her desk and wait outside as her desk was being reassigned.

38. After waiting for approximately thirty (30) minutes, Ms. Rivers called Plaintiff Torres into Elliot Laitman's office and asked Plaintiff Torres whether she wanted to be

"terminated, laid off or resign."

39. Plaintiff Torres told Ms. Rivers that she could terminate her or lay her off but that she would not resign her employment.

40. Ms. Rivers then responded by stating that Plaintiff Torres had no choice but to resign. When Plaintiff Torres refused to resign Ms. Rivers became very angry and instructed Mr. Laitman to terminate Plaintiff Torres's employment. Ms. Rivers also stated that they would not provide a reference and that Plaintiff Torres would not be able to find another position.

41. Ms. Rivers then logged Plaintiff Torres out of her computer, removed Plaintiff Torres's access to the building and walked Plaintiff Torres out of the building.

42. Plaintiff Torres was terminated due to her pregnancy after being harassed and subject to a hostile work environment on account of her pregnancy.

43. **But for the fact that Plaintiff Torres was pregnant, Defendant would not have harassed her and terminated her employment.**

44. Plaintiff Torres's performance was, upon information and belief, adequate during the course of her employment with Defendant.

45. Plaintiff Torres has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

46. **Defendant's actions and conduct were intentional and intended to harm Plaintiff Torres.**

47. As a result of Defendant's actions, Plaintiff Torres feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

48. As a result of the acts and conduct complained of herein, Plaintiff Torres has suffered and

will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff Torres has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff Torres further experienced emotional and physical distress.

49. As a result of the above, Plaintiff Torres has been damaged in an amount in excess of the jurisdiction of the Court.

50. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff Torres demands Punitive Damages.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy and gender.

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy and gender.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

56. Defendants violated the section cited herein as set forth.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

59. Defendants violated the section cited herein as set forth.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. New York City Administrative Code Title 8-107(13) **Employer liability** for

discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      i. the employee or agent exercised managerial or supervisory responsibility; or

      ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and

acquiesced in such conduct.

62. Defendants violated the section cited herein as set forth.

## JURY DEMAND

63. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.,* and The New York City Administrative Code, §8-107 *et. seq.,* in that Defendant discriminated against Plaintiff on the basis of her pregnancy and gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Astoria, New York
      August 18, 2015

                                          **THE ROSE LAW GROUP, PLLC**

By: _____
Jesse C. Rose, Esq.
*Attorneys for Plaintiff*
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
(718) 989-1864